**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHONGTIE DACHENG (ZHUHAI) INV. MGMT. CO. LTD.,<br><br>Petitioner - Appellee<br><br>v.<br><br>JINGGANG YAN; LIANG XIUHONG,<br><br>Respondents - Appellants | No. 24-736<br><br>D.C. No. 8:22-cv-00461-KK-ADS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Kenly K. Kato, District Judge, Presiding

Argued and Submitted February 11, 2025
Pasadena, California

Before: GRABER, HAMILTON**, and BUMATAY, Circuit Judges.

A tribunal of the Beijing Arbitration Commission ("Commission") found that Respondents Yan Jinggang and Liang Xiuhong guaranteed a loan made by Petitioner Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd., ("Zhongtie") to a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

1

third party. The Commission concluded that the third party had violated the terms of the loan repayment plan and, accordingly, made an award to Zhongtie for which it found Respondents jointly and severally liable. Respondents did not attend either of the two hearing days of the arbitration proceeding.

Zhongtie then petitioned the district court, under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), to enforce this foreign arbitral award against Respondents, who had left China for the United States. The district court granted the petition. We vacate and remand to the district court.

1. Respondents contend that the district court erred by rejecting their defense that the Commission failed to provide them "proper notice" of the arbitration proceedings. *See* New York Convention, June 10, 1958, 21 U.S.T. 2517, Art. V. The district court noted that, although the Commission mailed notices to Respondents' last-known address in China, those notices were returned and marked "undelivered." Zhongtie also claims on appeal that Appellant Yan was the "actual controller" of corporate entities that received actual notice of the proceedings, including one that participated in the arbitration.

But are these facts? We simply can't tell. A district court must make "a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm" an arbitral award. *Castro v. Tri Marine Fish Co. LLC*, 921 F.3d

2

766, 773 (9th Cir. 2019) (citation and internal quotation marks omitted). The district court stated in a section titled "Relevant Facts" that "Respondent Yan is the sole director and shareholder" of the other corporate entities that participated in the arbitration. But that is not obviously a finding of fact, because the district court supported this proposition only with a citation to the *allegations* set out in Zhongtie's First Amended Petition to confirm the arbitral award. Further, the "Relevant Facts" section relies almost exclusively on Zhongtie's allegations. So the district court failed to show its work, and it is unclear to what extent it considered any evidence outside the petition. We thus vacate this portion of the judgment and remand for the district court to determine whether Appellant Yan controlled the other corporate entities and to conduct any further proceedings it deems necessary to conclude whether the Commission provided "proper notice" to Respondents.

2. The district court erred in holding that Respondents waived their argument that the underlying guaranty agreement was forged by failing to raise it in arbitration proceedings before the Commission. Even if Respondents received proper notice, forgery is a valid objection to the confirmation of a foreign arbitral award under the New York Convention. *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1023–24 (9th Cir. 2021) ("Arbitration is strictly a matter of consent and requires an agreement to arbitrate." (citations and internal quotation marks omitted)). And a party does not waive that argument by failing to raise it in the very arbitral proceeding to which it

3

claims it never consented. *See id.* at 1022, 1026. A contrary holding "would be inconsistent with the 'first principle' of arbitration that 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1142 (9th Cir. 1991) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). So we vacate the district court's waiver holding and remand to consider Respondents' forgery claim in the first instance.

**VACATED AND REMANDED.**[1]

---

[1] The district court may, if it wishes, consider the claim of forgery first. If it finds that the parties did not enter into a contract, it need not consider "proper notice."

4